# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JASON FOERSTER,<br><br>Plaintiff,<br><br>vs.<br><br>BRUCE LUBECK, individually and in his official capacity as Justice of the Third District Court of Salt Lake County,<br><br>Defendants. | Case No. 2:14 cv 344 DB<br><br>**REPORT AND RECOMMENDATION**<br><br>Judge Dee Benson<br><br>Magistrate Judge Brooke C. Wells |

This matter was referred to the undersigned pursuant to 28 U.S.C. 636(b)(1)(B) by Judge Dee Benson on on May 14, 2014.[1] On May 6, 2014, Jason Foerster, who is acting *pro se*, filed a Complaint seeking "injunctive relief commanding defendant to pay all the Guardian ad Litem fees to which the Respondent created against the Plaintiff."[2] Plaintiff further seeks declaratory relief and other relief as appropriate and just. This suit arises from proceedings before Defendant Judge Lubeck concerning the appointment of a private guardian ad litem and the failure of the parties in the state court action to file their financial declarations.[3] Pending before the Court is

---

[1] Docket no. 4.
[2] Complaint p. 3, docket no. 3.
[3] *Id.* at p. 2 ¶¶7-8.

Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[4]  As set forth below the undersigned recommends that the motion be granted and Plaintiff's claims against Judge Lubeck be dismissed with prejudice.

DISCUSSION

On September 26, 2013, Defendant Judge Lubeck ordered a "Private Guardian ad Litem stating that the parties in the case have filed their financial declarations with the Court or disclosed to the court their income and applicable expenses for the purpose of setting the amount that the parties will be required to pay toward the private Guardian ad Litem's fees and expenses."[5]  Mr. Foerster never provided his financial declaration to the state court and a hearing was held on March 18, 2014, where Plaintiff objected to being required to provide financial disclosures.[6]  Plaintiff subsequently filed a motion for change of venue and demand for trial by jury, which Judge Lubeck denied.[7]  An evidentiary hearing was held over the objection of the Plaintiff on April 9, 2014 and Plaintiff was told that if he continued to not comply with court orders he would go to jail.[8]  Mr. Foerster seeks injunctive relief requiring Judge Lubeck to pay Plaintiff's guardian ad litem fees.  Defendant moves to dismiss this matter pursuant to Federal Rule 12(b)(6).

---

[4] Docket no. 5.
[5] Complaint p. 2, docket no. 3.
[6] *Id.*
[7] *Id.* at 2, ¶¶ 10-11.
[8] *Id.* at 3, ¶¶12-14.

Rule 12(b)(6) provides that a court should dismiss a case if the complaint fails "to state a claim upon which relief can be granted."[9] When evaluating a 12(b)(6) motion, the court presumes that the well-pled facts in the Plaintiff's complaint are true, and draws reasonable inferences from those facts in the plaintiff's favor.[10] The complaint must contain "enough facts to state a claim to relief that is plausible on its face."[11] Plausibility "refer[s] to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible."[12] A court should disregard conclusory allegations that lack supporting factual content.[13]

Plaintiff asserts that Judge Lubeck lacked jurisdiction and therefore his judicial immunity is lost. The Court finds Plaintiffs arguments unpersuasive. Plaintiff cites many cases in support of his arguments, but fails to offer much more than quotations from cases which are inapplicable to the instant case. Here, the Court finds that Judge Lubeck was performing a judicial function because he was dealing with a matter over which he has jurisdiction. Judge Lubeck was holding an evidentiary hearing and he has original jurisdiction over all civil matters not prohibited by the law or excepted in the Utah Constitution.[14] Neither the law nor the Utah Constitution prohibited

---

[9] Fed. R. Civ. P. 12(b)(6).
[10] .*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).
[11] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[12] *Christensen v. Park City Mun. Corp.*, 554 F.3d 1271, 1276 (10th Cir. 2009).
[13] *See Erickson v. Pawnee Cnty. Bd. of Cnty. Comm'rs.,* 263 F.3d 1151, 1154-55 (10th Cir. 2001).
[14] Utah Code Ann. § 78A-5-102(1); Utah Const. art. VIII § 5.

Judge Lubeck from holding the hearing or acting as he did. As such, he is entitled to judicial immunity from Plaintiff's claims and this case should be dismissed.[15]

Further, contrary to Plaintiffs arguments, the Seventh Amendment has not been incorporated into the Fourteenth Amendment so as to be applicable to the states.[16] Therefore, any alleged violation of this right in state court is inapplicable to a Section 1983 action.[17] Because the Seventh Amendment "applies only to proceedings in courts of the United States, and does not in any manner whatever govern or regulate trials by jury in state courts,"[18] Plaintiff's Seventh Amendment Section 1983 claim fails as a matter of law.

## RECOMMENDATION

For the forgoing reasons the Court RECOMMENDS that Defendant's Motion to Dismiss be GRANTED and that this matter be dismissed and Plaintiff's claims be dismissed with prejudice.

Copies of this report and recommendation are being mailed to all parties who are hereby notified of their right to object. Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as

---

[15] See *Stump v. Sparkman*, 435 U.S. 349, 362 (1978) ("[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity.").

[16] *Walker v. Sauvinet*, 92 U.S. 90, 92 (1875) ("[The Seventh Amendment] as has been many times decided, relates only to trials in the courts of the United States."); *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 432 (1996) (stating that the Seventh Amendment "governs proceedings in federal court, but not in state court").

[17] *Knubbe v. Sparrow*, 808 F. Supp. 1295, 1302 (E.D. Mich. 1992) (stating in a Section 1983 action that "the Seventh Amendment is not applicable to any state court proceedings").

[18] *Minneapolis & St. L.R. Co. v. Bombolis*, 241 U.S. 211, 217 (1916).

provided by rules of Court. Any objection must be filed within this deadline. Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 21 July 2014.

_____
Brooke C. Wells
United States Magistrate Judge